**Jason K. Singleton,** State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski,** State Bar #236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**
**Eureka, CA 95501**
**(707) 441-1177**
**FAX  441-1533**

**Attorneys for Plaintiffs, ASIS INTERNET SERVICES**
**and JOEL HOUSEHOLTER**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET, <br><br> Plaintiffs, <br><br> vs. <br><br> JB VIRTUAL ENTERPRISES, INC. , a Michigan corporation, JUSTIN BLAKE, and DOES ONE through FIFTY, inclusive, <br><br> Defendants. | CASE NO: <br><br> **COMPLAINT FOR LIQUIDATED DAMAGES FOR VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17529.5** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs **ASIS INTERNET SERVICES, a California corporation,** an Internet Service Provider, **and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET,** an Internet Service Provider, complain of Defendants **JB VIRTUAL ENTERPRISES, INC., JUSTIN BLAKE, (hereinafter collectively referred to as "ADVERTISERS"), and DOES ONE through FIFTY, inclusive**, and alleges violations of *California Business and Professions Code* §17529.5(a) and request liquidated damages and attorney fees authorized as remedies under *California Business and Professions Code* §17529.5(b)(1)(B) and (C).

## JURISDICTION AND VENUE

1.      This Court has diversity jurisdiction of this action pursuant to 28 *USC* §1332 for disputes between citizens of different states where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 *USC* §1332. The amount in

1  controversy is $300,000, the Plaintiffs are citizens of California, and the Defendants are

2  citizens and corporations of the state of Michigan.

3    2.    Defendants have purposely availed themselves of the privileges of conducting

4  activities in the forum, the email advertisements are the subject of the action, and exercise of

5  jurisdiction is reasonable since Defendants should have known that they would be subject to

6  the jurisdiction and laws of the forum when **ADVERTISERS** had mass commercial email

7  advertisements sent in violation of ***California Business & Professions Code*** §17529 to

8  persons at Northern California Internet Service Providers.  ***Dole Food Co., INC. v. Watts***, 303

9  F.3d 1104 at 1112-1114 (9th Cir., 2002) (where the court found that a foreign corporation that

10  communicated directly and substantially with the plaintiffs with the purpose of harming the

11  plaintiffs had expressly aimed their acts at the forum state); ***Asis Internet Services v.***

12  ***Imarketing Consultants, INC.***, Slip Copy, 2008 WL 2095498 at *3 N.D.Cal.,2008 (where the

13  court found specific jurisdiction based on defendant sending mass emails to persons in the

14  forum); ***Aitken v. Communications Workers of America***, 496 F.Supp.2d 653 at 659

15  (E.D.Va., 2007); ***Verizon Online Services, INC. v. Ralsky***, 203 F.Supp.2d 601 at 611-620

16  (E.D.Va., 2002); and ***Internet Doorway, INC. v. Parks***, 138 F.Supp.2d 773 at 779-780

17  (S.D.Miss., 2001).  These advertisements represent a request to do business with the intended

18  recipients and establish contractual relationship with the intended recipients.  These email

19  advertisements therefore establish the existence of deliberate and continuing obligations with

20  residents of the forum state, California.  Therefore, Defendants: "has availed itself of the

21  privilege of conducting business there, and because its activities are shielded by 'the benefits

22  and protections' of the forum's laws it is presumptively not unreasonable to require it to submit

23  to the burdens of litigation in that forum as well."  ***Burger King Corp. v. Rudzewicz,*** 471 U.S.

24  462 at 476 (1985).

25    3.    Venue is proper in this Court pursuant to 28 ***USC*** §1391(a)(2) and is founded on

26  the fact that a substantial part of the unlawful actions of the Defendants occurred in this judicial

27  district, that is the emails were sent to Email and Internet Service Providers in Garberville,

28  California, and Eureka, California.

**FACTUAL ALLEGATIONS**

4.      Plaintiffs are informed and believe and based thereon allege that Defendant **JB VIRTUAL ENTERPRISES, INC.** is and was at all times relevant herein a business located at address 1568 River Drive, Traverse City, Michigan 49686.  Plaintiffs are informed and believe and based thereon allege that Defendant **JB VIRTUAL ENTERPRISES, INC.** is a **Michigan Corporation**.  (See Michigan Department of Labor & Economic Growth Bureau of Commercial Services report attached hereto as Exhibit "A").

5.      Plaintiffs are informed and believe and based thereon allege that Defendant **JUSTIN BLAKE** is and was at all times relevant herein the founder, officer, and day to day manager of **JB VIRTUAL ENTERPRISES, INC.**  Plaintiffs are informed and believe and based thereon allege that Defendant **JUSTIN BLAKE** is a resident of Michigan with business and personal address at 1568 River Drive, Traverse City, Michigan 49686.  Plaintiffs are informed and believe and based thereon allege that Defendant **JUSTIN BLAKE** created and manages the company **JB VIRTUAL ENTERPRISES, INC.,** to avoid liability for illegal false advertising activities as described in this complaint.  Plaintiffs are informed and believe and based thereon allege that Defendant **JUSTIN BLAKE** is the alter ego for **JB VIRTUAL ENTERPRISES, INC.:** that the individual **JUSTIN BLAKE** dominated the affairs of the corporation; that a unity of interest and ownership existed between the individual **JUSTIN BLAKE** and the corporation; that the corporation is a mere shell and naked framework for **JUSTIN BLAKE's** manipulations; that the corporation's income was diverted to the use of **JUSTIN BLAKE**; that the corporation was, in effect, inadequately capitalized; and that adherence to the fiction of separate corporate existence would, under the circumstances, promote injustice.  In addition, both the emails and the Income-Accelerator web site contain personal messages from **JUSTIN BLAKE**, apparently signed by **JUSTIN BLAKE**.  See Sample emails attached hereto as Exhibit "B", also see Income-Accelerator landing page attached hereto as Exhibit "C".

6.      Plaintiffs **ASIS INTERNET SERVICES (hereafter "ASIS")** and **JOEL HOUSEHOLTER (hereafter "FOGGY")** do not know the true names and capacities of defendants **ADVERTISERS, and DOES ONE through FIFTY, inclusive**, their business

capacities, their ownership connection to the business(s), nor their relative responsibilities in causing the violations of *California Business and Professions Code* §17529.5 and other violations herein complained of, and alleges, on information and belief, a joint venture and common enterprise by all such defendants. Plaintiffs are informed and believe that each of the defendants herein, including **DOES ONE to FIFTY, inclusive**, is the agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venture, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. Plaintiffs will seek leave to amend this Complaint when the true names, capacities, connections and responsibilities of defendants **ADVERTISERS, and DOES ONE through FIFTY, inclusive**, are ascertained.

7. Plaintiffs are informed and believe and therefore allege that all named Defendants, including **DOES ONE to FIFTY, inclusive**, conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

8. Plaintiff **ASIS** is a California corporation registered to do business in California and is located in Garberville, California. **ASIS** provides Internet service and email service within the meaning of *California Business & Professions Code* §17529.5. **ASIS** received the emails at issue while performing services as an internet access provider and email service provider for its customers. Plaintiff **ASIS** is an email service provider. **ASIS** is an Internet Access service, in operation since 1995, in the isolated community of Garberville, California, providing dial-up and broadband, internet and email service to much of the population of Garberville. **ASIS** currently has just under 1,000 Internet access and email customers. **ASIS** is incorporated to do business in California. **ASIS** is licensed to do business in Garberville, California. Plaintiff both owns and leases hardware and network bandwidth in providing its

services.  It costs approximately $3,000 per month to process SPAM emails in both processing and employee costs.  **ASIS** receives approximately 200,000 SPAM emails per day to all of its and its customers email accounts (both active and inactive).  **ASIS** received the emails at issue in this matter between March 4, 2009 and September 11, 2009, in the manner described in Nella White's Declaration filed in Support of this Complaint at ¶ 8.  **ASIS** has been in business of providing dial-up and DSL internet and email services to Humboldt County, California, since 1995, primarily in the isolated community of Garberville, California.  In 2008 **ASIS** had 950 customers for both internet access and 1500 email service accounts.  **ASIS** provides these services through: its own equipment, service agreements with Postini, Falcon Knight, AT&T and other vendors; and its team of 4 employees.  **ASIS** owns various domain names used to provide internet and email services.  Specific emails may have a higher cost than the average cost if they contain viruses or hacker software, or if they result in customer SPAM complaints. **ASIS** occasionally suffers network and server slow downs based on daily receipt of SPAM emails.  **ASIS** does not use its administrative accounts for any purpose other than to conduct its business, and that business does not include soliciting email advertisements. See Declaration of Nella White ¶¶2-16 (Exhibit "D") and attached Exhibits 1-4.

9.      Plaintiff **FOGGY** is a sole proprietorship located in Eureka, California.  **FOGGY** provides internet and email service within the meaning of ***California Business & Professions Code*** *§*17529.5.  **FOGGY** received the emails at issue while performing services as an internet access provider and email service for its customers.   Plaintiff **FOGGY** is an email service provider.  **FOGGY** is an Internet Access service, in operation since 1998, in Humboldt County, California, providing dial-up internet and email service to Humboldt County.   **FOGGY** is licensed to do business in Humboldt County.  It costs **FOGGY** approximately $1,221 per month to process SPAM emails in both processing and employee costs.   **FOGGY** receives approximately 33,273 SPAM emails per day to all of its and its customers email accounts (both active and inactive) or approximately 1,011,165 SPAM emails in an average month.  **FOGGY** received the emails at issue in this matter between April 14, 2009 and August 30, 2009, in the following manner:  **FOGGY** received the emails first on its Barracuda filtering server; then

transferred, processed, and stored the emails on its email server; and then transferred the emails to it's attorney where they were stored on a special SPAM storage and investigation server.  **FOGGY** has been in business of providing dial-up internet and email services to Humboldt County, California, since 1998.   In 2007 **FOGGY** had 75 customers for internet access and 180 email service customers.  **FOGGY** provides these services through: its own equipment, AT&T and other vendors; and its employee.  **FOGGY** owns various domain names used to provide internet and email services.  In addition **FOGGY** is the Administrative Contact for and/or hosts 7 additional domains.   Specific emails may have a higher cost than the average cost if they contain viruses or hacker software, or if they result in customer SPAM complaints.  **FOGGY** collects all SPAM emails sent to its servers.  Among those are emails sent to active, inactive, and administrative accounts. **FOGGY** occasionally suffers network and server slowdowns based on daily receipt of SPAM emails.  **FOGGY** purchased and installed a Barracuda spam filtering system (server and software) in July of 2007.  Prior to acquiring the Barracuda system, **FOGGY** only used DSPAM, which it still runs as both SPAM filters are required to eliminate most of the SPAM.  This upgrade in spam filtering was caused in part by the emails at issue in this case.  Joel Householter spends about an hour each day, seven days a week, working with customers fixing problems where SPAM evades the filters.  The system administrator spends 2 hours per week working on upgrades and problems with the filters. See Declaration of Joel Householter ¶¶2-14 (Exhibit "E") and attached Exhibits 1 and 2.

10.     Plaintiffs are informed and believe and based thereon allege that Defendants advertised in **268** commercial electronic mail advertisements sent to Plaintiff **ASIS'** protected computers from March 4, 2009 and September 11, 2009, with a subject line that a person would know would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents and subject matter of the message.

11.     Plaintiffs are informed and believe and based thereon allege that Defendants advertised in **32** commercial electronic mail advertisements sent to Plaintiff **FOGGY's** protected computers from April 14, 2009 and August 30, 2009, with a subject line that a person would know would be likely to mislead a recipient, acting reasonably under the circumstances,

about a material fact regarding the contents and subject matter of the message.

### FIRST CAUSE OF ACTION
**(Violation of *California Business and Professions Code* §17529.5**
**Unlawful activities relating to commercial email advertisements.)**

12.     Plaintiffs refer to the allegations of paragraphs 1 through 11 of this complaint and incorporate the same herein by this reference as though set forth in full.

13.     Plaintiffs are informed and believe and based thereon allege that all of the relevant electronic mails sent by or on behalf of the Defendants between, March 4, 2009 and September 11, 2009, contained subject lines that were false and misleading in that they made an offer for a free product or confirmed a free prize and did not provide anywhere in the email the terms and conditions for that offer or prize, and that the offer was in fact not free but required both a payment and commitment to sign up for future purchases on their credit card. See Exhibit "F" for a complete list of subject lines appearing in the subject emails.

14.     15 *USC* §45(d) provides that the orders of the Federal Trade Commission (FTC) are exclusive unless overturned by the United States Court of Appeals.  The FTC has issued 16 *CFR* part 251, "Guide concerning use of the word 'free' and similar representations."  The California Courts have found that the FTC has used the reasonable consumer standard adopted by California in claims for false advertising in development of the FTC's rules concerning false advertising and that those rules apply.  (*Lavie v. Procter & Gamble Co.* (2003) 105 Cal.App.4th 496, 512-513 [129 Cal.Rptr.2d 486]).  16 *CFR* Part 251 states that the terms of a free offer should be set out clearly and conspicuously at the outset of the offer so that no misunderstanding can occur.  Therefore a violation of 16 *CFR* part 251 represents a material misrepresentation under 15 *USC* §45(d) that would likely mislead a consumer acting reasonably under the circumstances.  A violation of 16 *CFR* part 251 also meets the California reasonable consumer standard for definition of a material misrepresentation.

15.     Plaintiffs received **300** emails containing false advertisements **(268** to **ASIS** and **32** to **FOGGY**) that can be categorized within 5 types.  Within each category data in the email is substantially the same.  The categories are shown in the following table with examples of each attached in the corresponding exhibits set forth in the table:

| Categories | Exhibit B | Number each type |
|---|---|---|
| Here is the $197 CD we are buying you | Type 1 | 6 |
| Your 197 Dollar CD is Paid In Full | Type 2 | 55 |
| Order Confirmation- Your $197 cd - Paid For! | Type 3 | 223 |
| CDs for Henderson are paid. Ship to 172 11Th St? | Type 4 | 11 |
| Your new 'Home Biz' CD is already paid for – just need your shipping info… | Type 5 | 5 |

Sample emails are attached hereto in Exhibits B.  The addressee's names have been redacted in this Complaint to protect consumer's privacy, and protect **ASIS** and **FOGGY** from retaliation and theft of email address information.  The entire list of subject lines used in the **300** emails is attached hereto as Exhibit F.

16.     Plaintiffs received **300** emails with subject lines containing free offers.  All of these subject lines were false and misleading and would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message in violation of ***California Business and Professions Code*** §17529.5(a)(3).  Plaintiffs allege that the "circumstances" required are plainly visible in the actual subject lines of the emails.  The email subject lines received by Plaintiffs were clearly intended to get someone to open the email by enticing them with free gift.  See a complete list of subject lines appearing all of the emails referenced in this complaint at Exhibit "F."  Further, the body of the emails further the impression of a free gift with the statements further offering the free gift and a link to a web site to get the free gift.  The email subject lines represent that the recipient has received a free gift worth $197, the body of the emails continue this misrepresentation making the representation a material attempt to mislead the intended recipient consumer.  16 ***CFR*** part 251 clearly states that the requirements for participation must appear within the same page of the offer and must be conspicuous.  None of the emails describe any terms or conditions on the first page.  The terms and conditions do not appear anywhere in the email.  Once the recipient clicks on the active links in the email they are taken to Defendant's landing pages where they must submit information to continue.  Only at the bottom of 15 pages of information are they informed that:

///

1

2

3

4

5

6

7

8

9

> "Simply fill in your shipping information below and pay the small shipping fee of only  $7.95 Shipping & Handling. ($11.95 overseas) to get your FREE* Income Accelerator CD.
>
> With the "Income Accelerator's Six-Figure Blueprint CD", you'll also be automatically enrolled in the "Millionaire CD of the Month" Club to make sure you continue to grow your income and follow in the steps of other self-made millionaires! This club only costs $97 a month and you won't be charged a dime for 30 days unless you cancel within 30 days. After 30 days, you will be billed the regular rate of only $97 a month. You can cancel anytime by calling 866-620-5506 and it comes with a full 30 day money back guarantee. Simply ask and we will refund the purchase price and you can keep the CD as our way of saying thanks for trying the Income Accelerator program"

10

11

12

13

14

15

16

17

18

19

20

See Exhibit "C" for the Landing Page.  At this point the recipients are also given an opportunity to review the Privacy Policies.  See Exhibit "G" for Privacy Policy.  After entering their information, the recipient is taken to a second page where they are required to provide detail personal information and the process of buying products and signing up for services begins.  The subject lines are clearly intended to trick the recipients into thinking they are getting a free gift in order to entice them into opening and responding to the emails.  In all cases the emails do not contain terms and conditions for the free offer and are therefore in violation of 16 *CFR* part 251.   As the email subject lines are in violation of 16 *CFR* part 251, they are a material misrepresentation likely to mislead consumers acting reasonably under the circumstances, and therefore are in violation of ***California Business and Professions Code*** §17529.5(a)(3).

21

22

23

24

25

26

27

17.   ***California Business and Professions Code*** §17529.5 is part of the California False Advertising Law (***Business and Professions Code*** §17500 et seq.) and requires that the plaintiff allege falsification, misrepresentation, or forgery.  The California courts have interpreted this language to mean that the plaintiff must plead averments of fraud.  Fraud as it relates to The California False Advertising Law is defined by the courts as requiring a showing of misleading or deceitful statements, knowledge and intent to deceive.  (***Colgan v. Leatherman Tool Group, INC.,*** 135 Cal.App.4th 663 at 682, 38 Cal.Rptr.3d 36 (2006).)

28

18.   Plaintiffs are informed and believe and based thereon allege that Defendants

advertised in the **300** subject emails with misleading or deceitful statements, knowledge, and intent to deceive.

19.    Plaintiffs are informed and believe and based thereon allege that the false subject lines as discussed above would deceive a reasonable consumer by tricking them into thinking they are getting a free gift, and by concealing the information that they must provide significant personal information, sign up for various offers to get that free gift, and provide a release to use their information for marketing purposes and are therefore misleading and deceitful statements.

20.    Plaintiffs are informed and believe and based thereon allege that Defendants did not provide the terms and conditions of the free offer to deceive the recipient indicating intent and knowledge.

21.    Plaintiffs are informed and believe and based thereon allege that **300** emails containing misrepresentations were sent to multiple email accounts at multiple email services, indicating an intent to deceive.

22.    The actual terms and conditions for getting the free gifts are not included anywhere in the email indicating an intent to deceive by not providing information to correct the misrepresentation when the opportunity arises.  Further,  burying the terms on page 14 of a 15 page web site indicates an attempt to continue the deception while luring potential victims with pictures of mansions, planes, cars, and statements by others who have supposedly made millions of dollars using the **JUSTIN BLAKE** product, indicating an intent to deceive.

23.    Plaintiffs are informed and believe and based thereon allege that Defendants included statements in the emails such as:

> "This incredible CD will be shipped to your door..... and it's already PAID FOR!"

> "Because Justin is eating all of the cost for you he has made this an extremely limited offer.

> (Only 500 copies were printed for this release.)

> You must get your CD now before you miss out on this once-in-a-lifetime chance."

Such statements indicate an intent to deceive by stating the offer is limited and all the costs

1    are being "eaten" by Defendant, **JUSTIN BLAKE**.

2        24.    All of the advertisements were addressed to consumer accounts with domain

3    names owned by **ASIS** or **FOGGY**.  Plaintiffs are informed and believe and based thereon

4    allege knowledge of where the advertisements were being sent based on the header

5    information in the subject emails.  Further, the unsubscribe lines in the emails and the content

6    of the emails indicate that the creative graphics and language in the emails was developed by

7    the Defendants and was therefore in their knowledge.

8        25.    As a proximate result of said unlawful conduct by said Defendants, Plaintiffs are

9    entitled to liquidated damages in the amount of $1,000.00 for each unsolicited commercial

10   email transmitted in violation of *California Business and Professions Code* §17529.5(a) as

11   set forth in *California Business and Professions Code* §17529.5(b)(1)(B)(ii).

12       26.    Plaintiffs furthermore seek their attorney fees and costs against the defendants

13   pursuant to *California Business and Professions Code* §17529.5(b)(1)(C).

14       **WHEREFORE**, plaintiffs pray judgment against the defendants and each of them as

15   follows:

16       1.    For liquidated damages of $1,000.00 for each violation of *California Business*

17   *and Professions Code* §17529.5(a) in the sum of **$300,000.00**;

18       2.    For an award of reasonable attorneys' fees and costs according to proof;

19       3.    For costs of suit; and

20       4.    For such other and further relief as this Courts deems just and proper.

21                                        **SINGLETON LAW GROUP**

22   Dated:      September 23, 2009         /s/ Jason K. Singleton

23                                        Jason K. Singleton
                                          Richard E. Grabowski, Attorneys for Plaintiffs,
24                                        **ASIS INTERNET SERVICES and JOEL**
                                          **HOUSEHOLTER, dba FOGGY.NET**
25

26   ///

27   ///

28   ///

COMPLAINT FOR LIQUIDATED DAMAGES              11

## <u>REQUEST FOR JURY TRIAL</u>

Plaintiff hereby requests a jury for all claims for which a jury is permitted.

### SINGLETON LAW GROUP

Dated:          September 23, 2009          /s/ Jason K. Singleton
                                            Jason K. Singleton
                                            Richard E. Grabowski, Attorneys for Plaintiffs,
                                            **ASIS INTERNET SERVICES and JOEL
                                            HOUSEHOLTER, dba FOGGY.NET**